UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AGUSTIN V. ARBULU, MARCIA
ARBULU, AGUSTIN K. ARBULU**, and
**LUCAS ARBULU**,

       Plaintiffs,

                                  Case No.: 13-cv-13783

-vs-

**METRO HOME HEALTH CARE
NETWORK, INC.**, a Michigan corporation,
**METRO HOME HEALTH CARE PLANS, INC.**,
a Michigan corporation, **GEORGE SHAIEB**,
an individual, and **METRO HOME HEALTH CARE**,
upon information and belief a d/b/a for the
other named Defendants,

       Defendants.

---

DAVID F. GRECO (P53523)
**GASIOREK, MORGAN,
GRECO & McCAULEY, P.C.**
Attorneys for Plaintiffs
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgreco@gmgmlaw.com

---

# PLAINTIFFS' COMPLAINT

      NOW COME Plaintiffs, AGUSTIN V. ARBULU, MARCIA ARBULU,

AGUSTIN K. ARBULU and LUCAS ARBULU, by and through their

attorneys, GASIOREK, MORGAN, GRECO & McCAULEY, P.C., and for their Complaint against the above-named Defendants, state as follows:

## **PARTIES**

1.    Plaintiff, AGUSTIN V. ARBULU, is an individual currently residing in the City of Birmingham, Oakland County, Michigan.

2.    Plaintiff, MARCIA ARBULU, is the wife of AGUSTIN V. ARBULU and is an individual currently residing in the City of Birmingham, Oakland County, Michigan.

3.    Plaintiff, AGUSTIN K. ARBULU, is the son of AGUSTIN V. ARBULU and MARCIA ARBULU, with a current permanent residence located in the City of Birmingham, Oakland County, Michigan.

4.    Plaintiff, LUCAS ARBULU, is the son of AGUSTIN V. ARBULU and MARCIA ARBULU, with a current permanent residence located in the City of Birmingham, Oakland County, Michigan.

5.    Defendant, METRO HOME HEALTH CARE NETWORK, INC. ("MHN"), is a Michigan corporation with its principal place of business located in the City of Dearborn, Wayne County, Michigan.

6.    Defendant, METRO HOME HEALTH CARE PLANS, INC. ("MHP"), is a Michigan corporation with its principal place of business formerly located in the City of Dearborn, Wayne County, Michigan, and

upon information and belief, has recently relocated to the City of Southfield, Oakland County, Michigan.

7.     Defendant, METRO HOME HEALTH CARE, is, upon information and belief a "d/b/a" for MHN, MHP and GEORGE SHAIEB. (See Certificate of Creditable Group Health Plan Coverage attached as Exhibit "A").

8.     Defendant, GEORGE SHAIEB, is the sole shareholder and chairman of the Board of Directors for the Defendants, MHN and MHP and resides in the City of Bloomfield Hills, Oakland County, Michigan.

## JURISDICTION AND VENUE

9.     Jurisdiction is proper in this Court for the reason that the Plaintiffs' Complaint states claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§1001, et. seq., and more specifically, the amendments to ERISA in the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 USC §§1161-1168, and also pursuant to 28 USC §1331.

10.     Venue is proper in this judicial district pursuant to 29 USCA §1132(e)(2) and 28 USC §1391 for the reason that the unlawful acts alleged occurred within this Court's district.

## <u>COMMON ALLEGATIONS</u>

11.   On or about September 16, 2008 Plaintiff, AGUSTIN V. ARBULU and Defendant, GEORGE SHAIEB, executed an employment contract entitled Memorandum of Understanding (MOU) under which Plaintiff, AGUSTIN V. ARBULU, was hired to serve as CEO for all the business entities acquired by the Defendant, SHAIEB, in the State of Michigan, including MHN and MHP (Exhibit "B").

12.   Defendants closed on the acquisition of MHN and MHP on or about March 28, 2009.

13.   On or about April 1, 2009, Plaintiff began his employment with the Defendants in the position of Chief Executive Officer (CEO) of both MHN and MHP.

14.   At all relevant times, Plaintiff, AGUSTIN V. ARBULU, was employed by Defendant, GEORGE SHAIEB, as well as Defendants, MHP and MHN.

15.   Plaintiff, AGUSTIN V. ARBULU, served as CEO of MHN and MHP from approximately April 1, 2009 through March 22, 2013, in an exemplary fashion, receiving no adverse evaluations or complaints from Defendants.

16.    During his employment with Defendants, AGUSTIN V. ARBULU, was provided with a group health plan through Priority Health. (Exhibit "A")

17.    Plaintiff, MARCIA ARBULU, is the wife of AGUSTIN V. ARBULU and was also employed at various times with the Defendants both as an independent contractor/consultant and employee.

18.    At all relevant times, Plaintiffs, AGUSTIN V. ARBULU, MARCIA ARBULU, AGUSTIN K. ARBULU and LUCAS ARBULU, were qualified beneficiaries under the group health plan.

19.    On March 22, 2013, Defendant, GEORGE SHAIEB, terminated Plaintiffs' employment with Defendants (See AGUSTIN V. ARBULU'S termination of employment letters attached as Exhibit "C"; MARCIA ARBULU'S termination of employment letters attached as Exhibit "D").

20.    At the time of the Plaintiffs' termination of employment, they were covered, along with their sons LUCAS ARBULU and AGUSTIN K. ARBULU, under a group health plan provided by the Defendants. (Exhibit "A")

21.    Following Plaintiffs' termination of employment, the group health care plan coverage was terminated, effective March 31, 2013. (Exhibit "A")

22.    Upon information and belief, METRO HOME HEALTH CARE, is some sort of d/b/a, perhaps for insurance purposes, for Defendants, MHN, MHP and GEORGE SHAIEB.

23.    Following AGUSTIN V. ARBULU'S and MARICA ARBULU'S termination of employment, the Plaintiffs did not receive proper COBRA election notice as required by 29 USC §1166.

24.    Plaintiffs did not receive COBRA election notice until after July 26, 2013, at least 126 days after the applicable qualifying event. (Exhibit "E")

## COUNT I – VIOLATION OF COBRA

25.    Plaintiffs repeat and reallege each and every paragraph of this Complaint as though fully set forth herein verbatim.

26.    Plaintiffs were covered employees and/or qualified beneficiaries covered under the provisions of COBRA.  29 USC §1167(2) & (3).

27.    At all relevant times, Defendants were plan administrators, employers and/or plan sponsors pursuant to the provisions of ERISA and the COBRA amendments.  29 USC §1167(4); 29 USC §1002(16)(A) & (B).

28.    Defendants provided Plaintiffs with a "group health plan" as employees and/or beneficiaries.

6

29.    Plaintiffs' (AGUSTIN V. ARBULU and/or MARCIA ARBULU) termination of employment on March 22, 2013 was a "qualifying event" pursuant to 29 USC § 1163(2).

30.    Following Plaintiffs' (AGUSTIN V. ARBULU and/or MARCIA ARBULU) termination of employment, all of the Plaintiffs were not timely notified of their rights pursuant to COBRA, in violation of 29 USC § 1166(a)(2) & (c).

31.    The Defendants' failure to timely provide COBRA notice was done in bad faith, was willful and in reckless disregard of the law.

32.    As a direct and proximate result of the aforesaid unlawful acts of the Defendants, Plaintiffs did not receive timely notice of their COBRA election rights and have suffered damages, including, but not limited to, the loss of health insurance benefits, the increased cost of obtaining health insurance benefits, the loss of coverage for medical expenses, increased financial distress, and mental and emotional distress.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants in whatever amount is shown to be established by the proofs in this cause, including, but not limited to the remedies/damages/penalties available to them as set

forth in 29 USC § 1132 and other damages/relief that this Court deems appropriate, together with interest, costs and reasonable attorney fees.

Respectfully submitted,

**GASIOREK, MORGAN,
GRECO & McCAULEY, P.C.**

By:   /s/*David F. Greco*
DAVID F. GRECO (P53523)
Attorneys for Plaintiff
30500 Northwestern Highway,
Suite 425
Farmington Hills, Michigan  48334
(248) 865-0001
dgreco@gmgmlaw.com

Dated:  September 5, 2013